**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**TORREY LAVELL WASHINGTON**

      Petitioner,

   v.                          **CIVIL ACTION NO.  2:17cv231**

**HAROLD W. CLARKE, Director,
Virginia Department of Corrections,**

      Respondent.

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Torrey Lavell Washington's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 15.  The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.  The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J).  For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently serving a thirty-three year and 12-month sentence in the Virginia Department of Corrections ("VDOC") pursuant to the August 28, 2013 Final Order of the Circuit Court of the City of Virginia Beach, Virginia ("Trial Court"), following a jury trial in which Petitioner was convicted of two counts of abduction, armed statutory burglary, armed robbery of a residence, conspiracy to commit robbery, use of a firearm in the commission of robbery, and two counts of use of a firearm during the commission of abduction.  ECF No. 1 at 1; ECF No. 17, attach. 2.  Petitioner was represented at trial and on appeal by counsel, Eric Korslund ("Defense Counsel").  According to the factual findings of the Court of Appeals of Virginia, Petitioner's conviction arises out of the following factual background:

> On October 2, 2011, M.P. and S.P. lived in an apartment complex in Virginia Beach with their young daughters.  Sometime after 10:30 p.m., two men wearing dark clothes entered the apartment through the front door, shouting "Police."  The two perpetrators demanded money and drugs. S.P. testified the gunman was wearing gloves.

> Throughout the entire robbery, the second perpetrator stood in front of the kicked-in front door.  S.P. testified the second perpetrator appeared to be holding the door shut; specifically, "his hands were on the door kind of holding it" with his hand.  The second perpetrator wore a hooded sweatshirt pulled tight around his face.  Neither M.P. nor S.P. was able to see his face.  In court, neither victim could identify [Petitioner] as the perpetrator.

> Police dusted the apartment for fingerprints.  The only print that matched [Petitioner] was on the exterior of the front door.  Channing Mayer, a forensic specialist for the Virginia Beach Police Department, testified that fingerprint evidence is "very delicate" and can be degraded by environmental conditions such as heat, wind, and rain.

> Bonnie East, of the Virginia Beach Police Department, was qualified as an expert in latent fingerprint examination.  She testified that the fingerprint found on the exterior of the apartment's front door matched the left ring finger of [Petitioner].

> East's identification of [Petitioner's] prints was verified by David Totten, a more senior forensic specialist for the Virginia Beach Police Department.  He testified that the latent fingerprint found at the crime scene was [Petitioner's].  Richard G.

2

> Christopher testified on behalf of [Petitioner] and was qualified as an expert in fingerprint comparison. He testified that the latent fingerprint found at the crime scene was not [Petitioner's].

*Washington v. Commonwealth*, Record No. 1545-13-1, 2015 Va. App. LEXIS 31, at *2-3 (Feb. 3, 2015). Upon review of the Petition for Writ of Habeas Corpus, the Supreme Court of Virginia recounted additional pertinent facts:

> During closing arguments, the prosecutor twice mentioned that Brian Dooley, the expert who verified the work of petitioner's fingerprint expert, was not present in court to testify on petitioner's behalf. The first time this occurred, counsel immediately objected and asked for a cautionary instruction. The trial court sustained the objection and issued a cautionary instruction to the jury. The second time, counsel again objected, the parties argued the issue outside the presence of the jury, and the court sustained the objection. During this argument, petitioner's counsel told the trial court, "I think it would almost be grounds for a mistrial and I am not going there."

ECF No. 17, attach. 11 at 2.

Because the procedural background of this case is integral to the Court's recommended disposition thereof, the undersigned will now articulate a chronology of Petitioner's appellate efforts and endeavors to obtain state and federal habeas relief.

Petitioner timely appealed to the Court of Appeals of Virginia, challenging the sufficiency of the evidence supporting his convictions because the evidence did not prove the fingerprint found on the victims' apartment door belonged to him. *Washington*, 2015 Va. App. LEXIS 31 at *1. Petitioner's appeal was subsequently denied on February 3, 2015. *Id.* On March 4, 2015, Petitioner timely filed a petition for appeal in the Supreme Court of Virginia, who procedurally dismissed Petitioner's first assignment of error and refused Petitioner's second and third assignments of error on January 8, 2016. ECF No. 17, attach. 9 at 1. On May 13, 2016, the Supreme Court of Virginia denied Petitioner's request for a rehearing. *Id.* at 2.

3

On June 27, 2016, Petitioner timely filed a state petition for writ of habeas corpus with the Supreme Court of Virginia, alleging the following grounds:

 (a) The evidence was insufficient to support his convictions because the only evidence tying him to the scene of the crime was a single fingerprint on the exterior of the victims' front door and there was no evidence to rule out the reasonable hypothesis that the print could have been left at another time;

(b) The prosecutor made improper statements in closing argument that were not cured by the trial court's cautionary instruction;

(c) Counsel was ineffective for failing to (1) move for a mistrial or request a cautionary instruction; and (2) present a proper assignment of error in his petition for appeal to the Court of Appeals of Virginia;

(d) The trial court did not have jurisdiction over Petitioner's case when it entered an order on July 17, 2013, because the indictments against Petitioner were invalid;

(e) The indictment against Petitioner was invalid because it did not contain a judge's signature and it was not delivered in open court by the grand jury;

(f) The statutes under which Petitioner was convicted are invalid because they fail to meet certain constitutional pre-requisites by not containinh enacting clauses;

(g) The statutes under which Petitioner was convicted are invalid because they were not published and recorded with enacting clauses;

(h) The complaints against Petitioner are invalid because they did not include the titles of the statutes Petitioner allegedly violated; and

(i) The Virginia Code is of an unknown and uncertain authority, thus the complaints against Petitioner do not cite valid laws and Petitioner cannot be convicted for a violation of those laws.

ECF No. 17, attach. 10 at 4-23; *see also* ECF No. 17 at 4-5; ECF No. 17, attach. 11 at 1-4.

On August 31, 2016, the Respondent moved to dismiss the petition.  On April 25, 2017, the Supreme Court of Virginia granted Respondent's motion to dismiss, declined issue a writ of habeas corpus to Petitioner, and dismissed the Petition. ECF No. 17, attach. 11 at 1.

4

Petitioner filed a *pro se* Section 2254 Petition ("the Petition") for federal habeas relief in this Court on May 1, 2017, ECF No. 1, wherein he raised the following claims:

> (a) Trial counsel was ineffective when he (1) failed to make a timely motion for a mistrial or request a "full" cautionary instruction after the prosecutor made an improper argument regarding the petitioner's failure to present evidence in his defense; (2) failed to make a timely motion for a mistrial or request a cautionary instruction after the prosecutor improperly bolstered the credibility of a witness;
>
> (b) Appellate counsel was ineffective when his assignment of error did not encompass the question of whether the Commonwealth excluded the reasonable hypothesis of innocence that (1) the fingerprint on the door did not belong to Petitioner; (2) Petitioner's fingerprint could have been left on the door at a time other than during the commission of the crime; and
>
> (c) The evidence was insufficient (1) to prove that it was Petitioner's fingerprint on the exterior of the victims' door; (2) for a finding of guilt because a single fingerprint is not sufficient.

ECF No. 1 at 4-13; *see also* ECF No. 17 at 5-6.

On March 14, 2018, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 14-17. Petitioner filed a Response in Opposition on April 2, 2018. ECF No. 18. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

A. Exhaustion and Procedural Default

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and/or whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review.

5

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

*2. Procedural Default*

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its

6

dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly

7

followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3.  *Petitioner Failed to Exhaust Claim (a)(2) and Claim (b)*

Here, Petitioner has exhausted Claim (a)(1) and Claim (c)(1) in his state habeas petition and/or in his appellate proceedings with the Court of Appeals and Supreme Court of Virginia, which Respondent concedes.[1]  ECF No. 17 at 7.  However, Respondent argues Claim (a)(2) and Claim (b) are precluded unless Petitioner can demonstrate cause of prejudice for his failure to raise these claims in state court or actual innocence.[2]  *Id.* at 7-8.  Although Petitioner contends that all his claims are exhausted, ECF No. 18 at 1, Petitioner did not exhaust his remedies related to Claim (a)(2) and Claim (b) because he never raised these issues on direct appeal nor in his petition to the Supreme Court of Virginia.  Petitioner does not state any reason for his failure to raise the issues in Claim (a)(2) and Claim (b) on appeal or in his earlier state court petition to the Supreme Court of Virginia.

Because Petitioner has not exhausted his available state remedies as to Claim (a)(2) and Claim (b) these claims are procedurally barred.  *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Breard*, 134 F.3d at 619.  However, "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).  If Petitioner were to raise this issue in a new state habeas petition to exhaust his state post-conviction remedies, he would be procedurally barred because the time for doing so expired on January 8, 2017, one year from the final

---

[1] Respondent further concedes that Petitioner has exhausted Claim (c)(1) in construing Petitioner's state court habeas petition broadly.  In the state court petition, Petitioner claimed that the evidence was insufficient to support his convictions because the only evidence tying him to the scene of the crime was a single fingerprint on the exterior of the victims' front door and there was no evidence to rule out the reasonable hypothesis that the print could have been left at another time.  ECF No. 17, attach. 10 at 1; *see also* ECF No. 17, attach. 11 at 1.  Petitioner did not argue in his state court petition that evidence was insufficient to show the fingerprint was, in fact, Petitioner's, but this was argued on direct appeal.

[2] As discussed *infra*, Claim (c)(2) was exhausted in Petitioner's state court habeas petition but is procedurally defaulted for other reasons.

disposition of the direct appeal in state court. *See* Va. Code. § 8.01-654(A)(2). This situation is presented as simultaneous exhaustion and procedural default, which "occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present her claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1).

Thus, if Petitioner now attempted to raise these claims in state court, they would be procedurally barred as untimely under Virginia Code § 8.01-654(A)(2), which provides a one-year statute of limitations after the cause of action accrues. Because "the procedural bar that gives rise to exhaustion is an independent and adequate state ground, [Claim (a)(2) and Claim (b)] of [Petitioner's] claims raised in the instant petition must be treated as simultaneously exhausted and procedurally barred from federal habeas review." *Sparrow*, 439 F. Supp. 2d at 588; *Baker*, 220 F.3d at 288 ("[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim."); *Breard*, 134 F.3d at 619 ("A distinct but related limit on the scope of federal *habeas* review is the doctrine of procedural default.").

Petitioner may overcome the procedural default and have Claim (a)(2) and (b) addressed on the merits if he "is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman,* 501 U.S. at 750; *Savino*, 82 F.3d at 602). "In order to show 'cause' for the default, [Petitioner] must establish 'that some objective factor external to the defense impeded his efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray*, 477 U.S. at 488). "The following objective factors may constitute cause: '(1) interference by officials that makes

10

compliance with the State's procedural rule impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.'" *Ensley v. Johnson*, 2011 WL 6695004, at *5 (E.D. Va. Dec. 21, 2011) (quoting *Wright*, 151 F.3d at 160 n.5). The inquiry focuses, then, on "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 499 U.S. at 498. However, Petitioner contends he has exhausted his state court remedies and puts forth no reason why Claim (a)(2) and Claim (b) were not made on direct appeal or included in his state court habeas petition.

"Generally, a federal court may not consider claims that a petitioner failed to raise at the time and in the manner required under state law." *Teleguz v. Zook*, 806 F.3d 803, 807 (4th Cir. 2015) (citation omitted). "[An] exception is made for cases in which a compelling showing of actual innocence enables a federal court to the consider the merits of a petitioner's otherwise defaulted claims." *Id.* "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (explaining that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"). This "exception only applies in limited circumstances: 'The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *United States v. Jones*, 750 F.3d 579, 584 (4th Cir. 2014) (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)). To state such a claim, "the petitioner must satisfy a 'rigorous' burden by 'support[ing] his allegations of constitutional

11

error with new reliable evidence.'" *Smith v. Warden*, 2017 U.S. Dist. LEXIS at *4 (W.D. Va. June 26, 2018) (alteration in original) (quoting *Schlup*, 513 U.S. at 324).

Petitioner contends there is actual innocence and puts forth the affidavit of his mother, Ann Y. Washington Foster, as evidence he was at his mother's house when the crime occurred.[3] ECF Nos. 18-19. The affidavit of Ms. Washington Foster is insufficient to overcome procedural default as to Claim (a)(2) and Claim (b) as this evidence is not "new." The affidavit itself states that "I did tell the lawyer that I would testify to this, however I was never called to testify." ECF No. 19. Thus, this evidence was available at the time of trial and cannot be evidence upon which Petitioner relies to overcome procedural default. Further, this evidence fails to meet the clear and convincing standard as the Affidavit provides only that at 10:30 p.m. on October 2, 2011, Ms. Washington Foster got up when she heard the front door alarm sound, caused by Petitioner's arrival at her residence. She spoke to Petitioner and then went back to bed. She believed that after his arrival Petitioner did not leave the residence that night because she would have heard the door alarm sound upon his departure. *Id.* Ms. Washington Foster's Affidavit does not indicate she was physically present with Petitioner that night, other than their brief conversation, and a reasonable jury could find that Petitioner left the residence without Ms. Washington Foster seeing Petitioner leave or hearing the door alarm. Thus, the undersigned **FINDS** that Claim (a)(2) and Claim (b) are procedurally defaulted without any demonstration of cause for the defaults, nor does he present evidence of actual innocence to prevent a miscarriage of justice. Accordingly, the undersigned **RECOMMENDS** that Claim (a)(2) and Claim (b) be **DISMISSED**.

---

[3] Petitioner also indicates in his Response in Opposition that there is an affidavit of Mr. Anthony Washington, but no such affidavit has been provided to the Court. ECF No. 18 at 2.

4. *Petitioner's Claim (c)(2) is Procedurally Defaulted on Adequate and Independent State-Law Grounds*

In Claim (c)(2), Petitioner essentially contends that evidence of only a single fingerprint is insufficient to support a finding of guilt. ECF No. 1 at 12; *see also* ECF No. 17 at 6. This claim was previously raised in claim (a) of Petitioner's state court habeas petition. *See* ECF No. 17, attach. 10 at 4-5; *see also* ECF No. 17 at 6. The Supreme Court of Virginia held claim (a) of Petitioner's state habeas petition was procedurally defaulted and barred "because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal." ECF No. 17, attach. 11 at 1 (citing *Brooks v. Peyton*, 210 Va. 318, 321-22, 171 S.E.2d 243, 246 (1969)). This form of procedural default constitutes an adequate and independent state law ground.

A state procedural rule is adequate if it is firmly established and regularly followed. *Hilton v. Dep't of Corr.*, 2016 U.S. Dist. LEXIS 184244, at *7-8 (E.D. Va. Dec. 7, 2016) (citing *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007)). "The application of the rule specified in *Brooks v. Peyton* constitutes an adequate and independent state law bar." *Id.* at *8 (citing *Jeffers v. Allen*, 2016 U.S. Dist. LEXIS 36005, at *708 (E.D. Va. Mar. 18, 2016) (finding that the state habeas court's reliance on *Brooks* constitutes an adequate and independent state-law ground for finding of procedural default)). Because federal courts may not review claims which have been procedurally defaulted in state court based on adequate and independent state-law grounds, this court must decline to consider the merits of Claim (c)(2). *See Ellis v. Johnson*, 2010 U.S. Dist. LEXIS 30743, at *1 (E.D. Va. Mar. 30, 2010). Therefore, the undersigned **FINDS** that procedural default by the Supreme Court of Virginia of the issue identified in Claim (c)(2) of the Petition prevents this Court from reaching the merits of Petitioner's claim. Accordingly, the undersigned **RECOMMENDS** that Claim (c)(2) be **DISMISSED**.

The undersigned **FINDS** that Claim (a)(2), Claim (b), and Claim (c)(2) are procedurally defaulted. Therefore, the Court has jurisdiction to consider the Petition only with respect to Claim (a)(1) and Claim (c)(1).

B. Standard of Review: 28 U.S.C. § 2254(d)

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, federal habeas relief is precluded, so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by the AEDPA,[4] § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.") (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified *res judicata* rule" under § 2244)). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme

---

[4] Antiterrorism and Effective Death Penalty Act of 1996

14

Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Id.* at 407-08; *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves."[5] *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997); *see also Williams*, 529 U.S. at 412-13 (explaining that the Court independently reviews whether that decision satisfies either standard). Additionally, in

---

[5] Pursuant to § 2254(d), the federal court must look to the state court decision that was "adjudicated on the merits in State court proceedings . . . resulting in a decision." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). In this case, the qualifying state court decision on the merits is the Court of Appeals of Virginia's February 3, 2015 Order denying Petitioner's appeal, *Washington*, 2015 Va. App. LEXIS 31 (2015), and the Supreme Court of Virginia's April 25, 2017 Order dismissing and denying Petitioner's state habeas petition, ECF No. 17, attach. 11.

undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

C. Facts and Findings of Law

    *1. Claim (a)(1): Ineffective Assistance of Counsel*

    Because there is no allegation that the state courts decided Petitioner's state habeas endeavors "differently than th[e United States Supreme] Court has on a set of materially indistinguishable facts," *Williams*, 529 U.S. at 413, the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo*, 562 U.S. at 121 (citing *Harrington*, 562 U.S. at 100; 28 U.S.C. § 2254(d)(1)); *see also Strickland v. Washington*, 446 U.S. 668 (1984).  Generally, to have been entitled to habeas relief in State court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that his Trial Counsel provided deficient assistance, and that he was prejudiced as a result of Trial Counsel's deficiency.  *Strickland*, 446 U.S. at 700 (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong).  First, to establish deficient performance, Petitioner was required to show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance).  Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 687, 693-94 (holding that

counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The United States Supreme Court summarized the high bar faced by petitioners in a federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 562 U.S. at 122-23 (quoting *Harrington*, 562 U.S. at 105); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) ("Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (per curiam)).

In Claim (a)(1), Petitioner essentially contends that Defense Counsel was ineffective at trial when he failed to make a timely motion for a mistrial or request a "full" cautionary instruction after the prosecutor made an improper argument regarding the petitioner's failure to present evidence in his defense. ECF No. 1 at 4-5, *see also* ECF No. 17 at 5. For Petitioner to be granted habeas relief on this Claim, he must demonstrate that Defense Counsel provided ineffective assistance of counsel which fell below the permissible minimum level of effectiveness by failing to request a mistrial or more fulsome curative instruction, and that the

failure to make such request prejudiced Petitioner, such that the outcome likely would have been different.

Considering Petitioner's state court habeas petition, the Supreme Court of Virginia discussed this Claim in detail. ECF No. 17, attach. 11 at 2. Specifically, the Supreme Court of Virginia stated that:

> [Claim (a)(1)] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record, including the affidavit of trial counsel and the trial transcript, demonstrates the only evidence tying petitioner to the crimes was a single fingerprint on the outside of the victim's door. The Commonwealth's evidence included the testimony of two experts, who testified the print was petitioner's. Petitioner's own fingerprint expert testified it was not. During closing arguments, the prosecutor twice mentioned that Brian Dooley, the expert who verified the work of petitioner's fingerprint expert, was not present in court to testify on petitioner's behalf. The first time this occurred, counsel immediately objected and asked for a cautionary instruction. The trial court sustained the objection and issued a cautionary instruction to the jury. The second time, counsel again objected, the parties argued the issue outside the presence of the jury, and the court sustained the objection. During this argument, petitioner's counsel told the trial court, "I think it would almost be grounds for a mistrial and I am not going there." The trial transcript and the affidavit of counsel further demonstrate counsel was concerned a new trial would not benefit petitioner. Petitioner's family had paid for his expert witness, counsel was not certain they could afford to do so a second time, and counsel believed petitioner "had a good chance at acquittal if there was not a mistrial." Under the circumstances, counsel's tactical decision was reasonable and, given the cautionary instruction given by the court, petitioner cannot demonstrate the jury improperly considered the prosecutor's remarks. *See Muhammad v. Warden*, 274 Va. 3, 18, 646 S.E.2d 182, 195 (2007) (citation omitted) ("It is presumed that a jury will follow the instructions given by the trial court"). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Id.* The Supreme Court of Virginia's rejection of this Claim was neither unreasonable nor contrary to current United States Supreme Court precedent. Specifically, the Supreme Court of

Virginia found that neither *Strickland* prong was satisfied.   The undersigned agrees. Determining the extent and manner of objections at trial is an essential part of a trial lawyer's litigation strategy.   Similarly, deciding whether to request a curative instruction, and how often to do so, and deciding whether to request a mistrial are also questions of litigation judgment.   It cannot be said that the decisions made here by defense counsel fall below any objective standard of reasonableness.   Therefore, the undersigned **FINDS** that the state courts' consideration and ultimate denial of Claim (a)(1) in Petitioner's state court habeas petition was neither unreasonable nor contrary to federal law.   Accordingly, the undersigned **RECOMMENDS** that Claim (a)(1) be **DENIED AND DISMISSED**.

### 2. Claim (c)(1): Insufficient Evidence

In Claim (c)(1), Petitioner essentially asserts that the finding of a single fingerprint is insufficient evidence to support guilt.   It is well-established that "[t]he relevant question in this inquiry 'is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"   *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see also Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."); *Swanson v. Commonwealth*, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989) ("So long as a witness deposes as to facts which, if true, are sufficient to maintain their verdict, then the fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony. *If the trier of*

19

*the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court.*") (emphasis added); *see e.g.*, *Swinson v. Dir., Dep't of Corr.*, 2015 WL 1185951, at \*6 (E.D. Va. Mar. 13, 2015) (citing *Peterson v. Commonwealth*, 225 Va. 289, 295, 302 S.E.2d 520, 524 (1983) (stating that the credibility of witnesses and the weight to be given identification testimony is a matter for the jury)).

Here, Bonnie East, of the Virginia Police Department, was qualified as an expert in latent fingerprint examination and testified at Petitioner's jury trial that the fingerprint found on the exterior door matched Petitioner's left ring finger. East's results were verified by David Totten, a senior forensic specialist with the Virginia Police Department, who testified the latent fingerprint was Petitioner's. Richard G. Christopher, a qualified expert in fingerprint comparison, testified on Petitioner's behalf that the latent fingerprint found at the crime scene was not Petitioner's.

On direct appeal, the Court of Appeals of Virginia addressed this issue at length. The Court of Appeals of Virginia stated:

> When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." *Snyder v. Commonwealth*, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). Evaluation of witness credibility and "the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented. *Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).
>
> Bonnie East, a forensic specialist with the Virginia Beach Police Department, qualified as an expert in latent fingerprint examination. She testified that the fingerprint in question matched appellant's left ring finger. She indicated she was one hundred percent certain of her identification, comparing the fingerprint on the apartment door with two fingerprint cards from Norfolk and Virginia Beach. Her identification was corroborated by David Totten, anther latent fingerprint expert from the Virginia Beach Police Department.
>
> Conversely, [Petitioner]'s expert, Richard G. Christopher, testified the two fingerprint cards from Norfolk and Virginia Beach did not belong to the same

20

individual. He further opined that the latent fingerprint found on the apartment door did not match either of the fingerprints found on the Norfolk and Virginia Beach cards.

Without doubt, there was a conflict in the testimony of the expert witnesses. Conflicting expert opinions provide a question of fact for the jury to evaluate. *McCaskey v. Patrick Henry Hosp*[.], 225 Va. 413, 415, 304 S.E.2d 1 (1983). "'The jury's province alone, as the finder of fact, is to assess the credibility of the witness and the probative value to be given their testimony.' [sic] *Richardson v. Richardson*, 242 Va. 242, 246, 409 S.E.2d 148, 151, 8 Va. Law Rep. 1008 (1991). "'The finder of fact is not required to accept as conclusive the opinion of any expert.'" *Stratton v. Stratton*, 16 Va. App. 878, 883, 433 S.E.2d 920, 923, 10 Va. Law Rep. 127 (1993) (quoting *Lassen v. Lassen*, 8 Va. App. 502, 507, 383 S.E.2d 471, 474, 6 Va. Law Rep. 125 (1989))." *Frazer v. Frazer*, 23 Va. App. 358, 366, 477 S.E.2d 290, 293-94 (1996).

The trial judge properly denied appellant's motion to strike and send the case to the jury to determine credibility. The factfinder in this case was presented with a classic "'battle of the experts' and was entitled to judge 'the weight and credibility to be given their testimony.'" *Hoebelheinrich v. Hoebelheinrich*, 43 Va. App. 543, 552-53, 660 S.E.2d 152, 156 (2004) (quoting *Bd. Of Supervisors v. HCA Health Servs. of V*[a.]*, Inc.*, 260 Va. 317, 332, 535 S.E.2d 163, 171 (2000)). The jury rejected appellant's expert's testimony and gave more weight to the expert testimony of East and Totten, the Commonwealth's experts. Nothing in the record indicates that the jury's decision was plainly wrong. Thus, there was testimony to support the jury's determination of guilt. We conclude the evidence was sufficient to prove appellant's print was on the door.

*Washington*, 2015 Va. App. LEXIS 31 at *5-7.

Without substituting the undersigned's judgment for that of the factfinder (the jury), it cannot be said that no reasonable trier of fact would have failed to arrive at the same conclusion as did the jury during Petitioner's jury trial. Although Bonnie East and David Totten's testimony directly conflicted with that of Richard Christopher, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval*, 455 S.E.2d at 732. The jury in this circumstance chose to disbelieve the expert testimony of Richard Christopher and base its verdict, at least in part, on the expert testimony of Bonnie East and David Totten. Thus, the

21

Court of Appeals of Virginia's rejection of this Claim was neither unreasonable nor contrary to current United States Supreme Court precedent.  Accordingly, Petitioner failed to demonstrate that there was insufficient evidence to support that his fingerprint was on the victims' apartment door.  Therefore, the undersigned **RECOMMENDS** that Claim (c)(1) be **DENIED AND DISMISSED**.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 15, be **GRANTED**, and Washington's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1.  Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2.  A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S.

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985);

*United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 15, 2018