
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TORREY LAVELL WASHINGTON,

    Petitioner,

v.                                                ACTION NO. 2:17cv231

HAROLD W. CLARKE,
*Director, Virginia Dept. of Corrections,*

    Respondent.

## FINAL ORDER

Petitioner, a Virginia inmate, submitted a pro se petition, pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition alleges violations of federal rights pertaining to Petitioner's convictions in the Circuit Court for the City of Virginia Beach for two counts of abduction, armed statutory burglary, armed robbery of a residence, conspiracy to commit robbery, use of a firearm in the commission of robbery, and two counts of use of a firearm during the commission of abduction. Specifically, Petitioner raised the following claims:

> (a) Trial counsel was ineffective when he (1) failed to make a timely motion for a mistrial or request a "full" cautionary instruction after the prosecutor made an improper argument regarding the petitioner's failure to present evidence in his defense; (2) failed to make a timely motion for a mistrial or request a cautionary instruction after the prosecutor improperly bolstered the credibility of a witness;

> (b) Appellate counsel was ineffective when his assignment of error did not encompass the question of whether . . . (1) the fingerprint on the door did not belong to Petitioner; (2) Petitioner's fingerprint could have been left on the door at a time other than during the commission of the crime; and

1

(c) The evidence was insufficient (1) to prove that it was Petitioner's fingerprint on the exterior of the victims' door; (2) for a finding of guilt because a single fingerprint is not sufficient.

ECF No. 1 at 4-13; *see also* Report and Recommendation, ECF No. 20 at 5. As a result of the convictions, Petitioner was sentenced on August 28, 2013 to serve thirty-three years and twelve months in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation, filed October 15, 2018, recommends dismissal of Claims (a)(1) and (c) of the Petition on the merits. The Report and Recommendation further recommends dismissal of Claims (a)(2) and (b) because Petitioner has failed to exhaust these claims in state proceedings, and has now procedurally defaulted on the claims. ECF No. 20. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On November 1, 2018, the Court received Petitioner's objections to the Report and Recommendation. ECF No. 21.[1]

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed October 15, 2018 with respect to Claims (a)(1), (b), and (c).

---

[1] In response to the Report and Recommendation, Petitioner submitted a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e), on the basis of new evidence in the form of affidavits, a report from the President's Council of Advisors on Science and Technology on the reliability of forensic evidence, and the failure of state courts to consider certain evidence. As the Report and Recommendation is not a final judgment, a Rule 59 motion is not proper; the Court will treat the submission as objections to the Report and Recommendation. Although it is unclear what portions of the Report and Recommendation Petitioner objects to, out of an abundance of caution, the Court reviews the entirety of the Report and Recommendation *de novo*.

2

## A. Claim (a)(2)-Ineffective Assistance of Trial Counsel

### 1. Exhaustion

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997) ("To exhaust state remedies, a habeas petition must fairly present the substance of his claim to the state's highest court."). With respect to Claim (a)(2), for the following reasons, the Court finds that Petitioner has exhausted his remedies in state court.

On June 27, 2016, Petitioner filed a Petition for Writ of Habeas Corpus before the Virginia Supreme Court, ECF No. 17, Ex. 3 ("State Habeas Petition"). In the State Habeas Petition, Petitioner argues that trial counsel was ineffective as:

> In trial[,] said counsel did not make a timely motion for mistrial[,] means making the motion when the objectional [sic] words were spoken. . . . If counsel believes that an argument requires or justifies a mistrial he has the duty to move promptly before conclusion of the argument so the trial court may determine what corrective action, if any, should be taken[.] Said counsel did not seek a cautionary instruction or make immediate motion for a new trial. Counsel waived this issue because he told the trial court he was not seeking a mistrial.

ECF No. 17, Ex. 3 at 8 (quotations and citations omitted). This claim regarding performance of trial counsel is admittedly vague. Both the Virginia Supreme Court and the Report and Recommendation found this claim referred to the trial counsel's failure to make a motion for a mistrial after the prosecutor noted in her closing argument that Petitioner's fingerprint expert did not testify (*i.e.* Claim (a)(1) in the instant petition). However, the Court is "compelled . . . because [the habeas petition] was prepared pro se, to construe it liberally." *McNair v. McCune*,

3

527 F.2d 874, 875 (4th Cir. 1975). Giving it a liberal construction, the Court finds that the claim may also refer to trial counsel's failure to move for a mistrial after the prosecutor inappropriately bolstered the credibility of her own witness, telling the jury that the witness was "honest." Trial Tr. at 701-02. Petitioner argues in his State Habeas Petition that trial counsel was ineffective for not moving for a mistrial when objectionable statements by the prosecutor were made. This may refer to either the prosecutor noting that Petitioner's fingerprint expert did not testify *or* the prosecutor bolstering the credibility of her witness. That the claim also refers to the prosecutor bolstering the credibility of her witness is also evidenced by the sentence "[s]aid counsel did not seek a cautionary instruction or make immediate motion for a new trial." ECF No. 17, Ex. 3 at 8. During her closing argument, the prosecutor first noted that Petitioner's expert did not testify; defense counsel objected and requested a cautionary instruction. The trial court sustained the objection and gave a cautionary instruction. Trial Tr. at 696-697. Later, the prosecutor stated her witness was "honest." *Id.* at 701-02. Trial counsel objected, but did not seek a cautionary instruction; the trial judge sustained the objection and told the prosecutor that type of argument would not be allowed. *Id.* Thus, this sentence of Petitioner's habeas petition can only refer to the prosecutor's bolstering of her witness's credibility; it was only after those comments that defense counsel failed to either request a cautionary instruction or move for a mistrial. This is further evidenced by Claim B in Petitioner's State Habeas Petition titled "Improper Closing Statements Made by the Commonwealth Attorney," which states:

> The Commonwealth made *multiple improper remarks* regarding the evidence [sic] during its closing rebuttal argument. The trial court sustained the Petitioner's objection, [a]nd granted his request for a cautionary instruction *that the Commonwealth completely ignored.*

ECF No. 17, Ex. 3 at 6 (emphasis added). Again, the reference to the Commonwealth ignoring

4

the state court's instruction must refer to the second inappropriate remark about the witness's honesty, which occurred after the Court's cautionary instruction for noting the failure of the expert to testify and the sustained objection regarding the witness's honesty. Therefore, as Petitioner did raise Claim (a)(2) in his state habeas petition, it is exhausted.[2] The Court now addresses Claim (a)(2) on the merits.

### 2. *Strickland* Standard

First, Claim (a)(2) alleges ineffective assistance of trial counsel due to the failure to move for a mistrial after the prosecutor told the jury that her witness was "honest." A petitioner's claim that he received ineffective assistance of counsel fails unless he satisfies the well-established two prong inquiry set forth in *Strickland v. Washington*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

466 U.S. 668, 687 (1984). This two-part inquiry into counsel's performance "must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

At trial, the prosecutor twice inappropriately told the jury that her witness was "honest." After both instances, Petitioner's trial counsel objected immediately, and the state court sustained the objection.

---

[2] Although the Virginia Supreme Court did not address Claim (a)(2) in its decision on Petitioner's State Habeas Petition, the claim was presented (albeit vaguely); that opportunity for the state courts to address the claim is sufficient to meet the exhaustion requirement. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has . . . failed to address petitions for relief."), *cert. denied*, 503 U.S. 938 (1992).

> Ms. Fink: Ms. East was very honest, okay? She --
> Mr. Korslund: Judge, objection as to her telling the jury her witness was honest.
> Ms. Fink: Well, Judge --
> The Court: Sustained.
> Ms. Fink: If I could finish it? When she came in front of you and she told you that what she did is she goes side by side is what I mean when she was honest. She said she went side by side with the prints to the latent, okay?
> Mr. Korslund: Judge, I renew my objection.
> The Court: Sustained.
> Ms. Fink: Yes, sir.
> The Court: Ms. Fink, I'm not going to allow that kind of argument.

Trial Tr. at 701-02. In his affidavit to the Virginia Supreme Court submitted as part of the record for the State Habeas Petition, trial counsel testifies that his decision to not move for a mistrial was part of a larger strategy. Affidavit of Eric Korslund, ECF No. 17 Ex. E ¶ 5 ("Additionally, if a mistrial was granted, the case would have been tried again. I felt, in my professional opinion, that it would be detrimental for Mr. Washington to be tried again, and that he had a good chance of an acquittal if there was not a mistrial."). A petitioner cannot meet the *Strickland* standard where "'under the circumstances, the challenged action might be considered sound trial strategy.'" *Bell v. Cone*, 535 U.S. 685, 698 (2002) (quoting *Strickland*, 466 U.S. at 687). Here, trial counsel believed Petitioner had a good chance of an acquittal, and a mistrial would have been detrimental to his client's interests. Thus, the Petitioner has not demonstrated that the first *Strickland* factor is met as trial counsel had sound strategic reasons for not requesting a mistrial.

Further, trial counsel testifies that it was "extremely unlikely that a mistrial would have been granted." ECF No. 17 Ex. E ¶ 5. In other words, trial counsel's performance was not deficient because he believed any motion would have been denied. Trial counsel's belief was reasonable as after the verdict, counsel filed a motion for a new trial on this basis. The presiding state trial judge issued a written opinion that "although the prosecutor's statements were improper

6

bolstering of the Commonwealth's witnesses, the court [found] that the prompt and direct sustainment of the objection and admonishment to the prosecutor removed any prejudicial effect to the Defendant." *Id.*; *see also* Second Judicial Circuit Opinion dated August 8, 2013, ECF No. 17, Ex. F at 6. Thus, as the end result would have been the same because the trial court would have used the same standard in considering a mistrial motion as it did in denying his post-trial motion, the Petitioner has also failed to demonstrate that the second *Strickland* factor is met.

For the reasons stated above, Claim (a)(2) fails; Petitioner has failed to show that counsel's performance was deficient.

### B. Aggregation of Errors

In reference to his ineffective assistance of counsel arguments due to the failure to move for a mistrial after the prosecutor noted the witness's failure to testify and bolstered her witness's credibility, Petitioner states "'[t]he first error was compounded by the second and it would be hard to blot the information from the mind of a jury.'" ECF No. 1 at 6 (quoting *Ward v. Commonwealth*, 205 Va. 564, 574, 138 S.E.2d 293, 300 (1964)). Again, construing the pro se petition liberally, the Court finds that Petitioner is making an aggregation of errors argument that is unaddressed by the Report and Recommendation. In essence, the argument is that trial counsel's failure to move for a mistrial following the last of the two inappropriate statements by the prosecutor—flagging that Petitioner's expert witness did not testify and bolstering her own witness's credibility—constituted ineffective assistance of counsel even if the failure to request a mistrial after each comment individually did not.

Defendant quotes from the same case in his State Habeas Petition. In both his state and federal habeas petitions, Defendant includes the quotation in the same section as his other

arguments regarding ineffective assistance of trial counsel. *See* ECF No. 17, Ex. 3 at 7. Therefore, the argument was properly exhausted, although the Virginia Supreme Court also did not consider it.

In limited circumstances, cumulative errors may serve as the basis for habeas corpus relief. *See United States v. Lumpkin*, 192 F.3d 280, 290 (2d Cir. 1999); *United States v. Parker*, 997 F.2d 219, 221 (6th Cir. 1993). However, "the accumulation of non-errors cannot collectively amount to a violation of due process." *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990); *see also Fisher v. Angelone*, 163 F.3d 835, 853 (4th Cir. 1998) ("Thus, legitimate cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error, not the cumulative effect of all of counsel's actions deemed deficient."). In this case, the failure to move for a mistrial after the prosecutor noted that Petitioner's expert witness did not testify was not error for the reasons outlined in the Report and Recommendation, and the failure to move for a mistrial after the prosecutor stated her witness was "honest" was not error for the reasons discussed above. As such, they cannot be aggregated to form the basis for habeas relief. *E.g.*, *Lumpkin*, 192 F.3d at 290 ("[T]he accumulation of non-errors does not warrant a new trial.").

### C. New Evidence

Finally, the Court turns to the new evidence submitted by Petitioner. Following Petitioner's filing of objections to the Report and Recommendation, he filed a Motion for Extension of Time to Produce Evidence, ECF No. 22, which the Court granted, ECF No. 24. On November 13, 2018, Petitioner submitted an affidavit from his brother, Anthony Theodore Washington ("Washington Affidavit").[3]

---

[3] In Petitioner's objections to the Report and Recommendation, Petitioner also states he has a third affidavit from "Kindaze Kirkland" (who was staying with petitioner and knew his whereabouts when the alleged crime took

8

Petitioner submits this affidavit to make a showing of actual innocence and overcome the procedural default of Petitioner's ineffective assistance of appellate counsel claims. Petitioner had submitted a similar affidavit from his mother, Ann Y. Washington Foster ("Foster Affidavit"), with his habeas petition. However, the Washington Affidavit suffers the same errors as the Foster Affidavit, as addressed by the Report and Recommendation of the United States Magistrate Judge. ECF No. 20 at 12. The Washington Affidavit is not "new evidence" for the purpose of an actual innocence showing necessary to overcome the procedural default of Petitioner's defaulted claims. ECF No. 20 at 12. This is evidenced by Washington's declaration that "I offered to testify to this but was never called to give my statement." ECF No. 23. The Washington Affidavit is also similar to Foster's in that it fails to meet the clear and convincing standard of demonstrating actual innocence. Washington testifies that on the night of October 2, 2011, Petitioner was with Washington at his house. Washington dropped Petitioner off at his mother's house at 10:30 p.m. *Id.* Petitioner's crime was committed "sometime after 10:30 p.m.," and therefore, the affidavit does not establish Petitioner's actual innocence by clear and convincing evidence. *Washington v. Commonwealth*, Record No. 1545-13-1, 2015 Va. App. LEXIS 31, at *2 (Feb. 3, 2015).

## CONCLUSION

It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Because Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," the Court declines to issue any certificate of appealability pursuant to Rule

---

place.)." ECF No. 21. However, Petitioner has not made this affidavit available for the Court's review, and therefore, the Court cannot consider it.

22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/ MSD
_____
Mark S. Davis
Chief Judge

MARK S. DAVIS
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 18, 2019